[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Siegfried and Joyce Mueller appeal from a judgment awarding Charles McGovern attorneys fees as a sanction for frivolous conduct pursuant to R.C. 2323.51. For the reasons which follow, we reverse the judgment of the trial court and remand this case for further proceedings.
On December 12, 1994, Siegfried and Joyce Mueller commenced an action in the court of common pleas seeking to enjoin the City of Vandalia, the Montgomery County Sanitary Engineering Department, and Dayton Power Light Company from performing further work on the public utility easement on the Mueller's property. Subsequently, the Muellers filed an amended complaint joining Charles McGovern as a Defendant. On December 12, 1995, the Muellers voluntarily dismissed their action.
On December 19, 1995, McGovern filed a motion in the trial court pursuant to R.C. 2323.51, seeking an award of attorneys fees he incurred in defending against the action the Muellers filed. McGovern alleged that the Muellers had engaged in frivolous conduct by instituting and maintaining their action.
The fee claim was referred to a magistrate, who issued a decision finding that McGovern incurred reasonable and necessary legal fees of $3,755 in defending the action that the Muellers brought. However, the magistrate refused to award McGovern those attorney fees, finding that the action the Muellers filed was not frivolous. On September 26, 1996, the trial court adopted the magistrate's decision.
McGovern timely appealed to this court. We concluded that the action the Muellers filed was frivolous according to the standards imposed by R.C. 2323.51. We reversed the judgment of the trial court and remanded the case for the trial court to determine an appropriate amount of attorneys fees to award to McGovern. Mueller v. Vandalia (March 7, 1997), Montgomery App. No. 16158, unreported. The Supreme Court of Ohio thereafter declined to hear an appeal that the Muellers filed from our judgment and order.
On or about November 7, 1997, McGovern filed a second motion in the trial court seeking an award of attorneys fees, in this instance those fees he incurred in prosecuting his fee claim. A hearing was held on the motion. On March 12, 1998, the magistrate entered a decision awarding McGovern $3,755, plus interest, for the fees he incurred in defending the action that McGovern had brought, and $9,195, plus interest, for prosecuting his claim for fees at both the trial and appellate levels. The magistrate also assessed the Muellers the costs of the action and awarded McGovern interest as provided by law on his judgment.
The Muellers filed objections to the magistrate's decision. The trial court overruled the objections and adopted the magistrate's decision. The Muellers filed a timely notice of appeal, and now present two assignments of error.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW BY RULING THAT A MOVANT UNDER FORMER R.C. 2323.51, WHICH PERTAINS ONLY TO "CIVIL ACTIONS," MAY RECOVER ATTORNEYS FEES AND SANCTIONS FOR LEGAL SERVICES PERFORMED WHILE PROSECUTING AN APPEAL INITIATED BY THE MOVANT.
We are concerned with the version of R.C. 2323.51 that was in effect prior to the 1996 amendment of the statute as part of H.B. 350, Ohio's Tort Reform Act. The prior version of R.C. 2323.51
states, in relevant part:
(A) As used in this section:
 (1) "Conduct" means filing a civil action, asserting a claim, defense, or other position in connection with a civil action, or taking any other action in connection with a civil action.
 (2) "Frivolous conduct" means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:
 (a) It obviously serves merely to harass or maliciously injure another party to the civil action;
 (b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
 (B)(1) Subject to divisions (B)(2) and (3), (C), and (D) of this section, at any time prior to the commencement of the trial in a civil action, or within twenty-one days after the entry of judgment in a civil action, the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct. The award may be assessed as provided in division (B)(4) of this section.
The trial court's supplemental award of attorneys fees in the amount of $9,195 involves the attorneys fees McGovern incurred in prosecuting his R.C. 2323.51 motion for attorneys fees at both the trial and appellate levels. The Muellers argue that the plain language of R.C. 2323.51(B)(1) applies only to attorneys fees incurred in trial court proceedings and does not authorize an award of attorneys fees incurred in either prosecuting or defending an appeal. Relying on the authority of State ex rel.Ohio Dept. of Health v. Sowald (1992), 65 Ohio St.3d 338, we agree.
In Sowald, a petition for a writ of mandamus was filed in the Court of Appeals of Franklin County. That court denied the petition. The petitioner appealed to the Supreme Court, which issued the writ requested. The unsuccessful respondent then requested the Supreme Court to award attorneys fees pursuant to R.C. 2323.51 for defense of the appeal to the Supreme Court. The Supreme Court denied the request, holding that "R.C. 2323.51
does not contemplate awarding attorney fees for defending appeals of civil actions." Id. At 343.
The Sowald court reasoned that fee awards authorized by R.C.2323.51 are necessarily limited to trial court proceedings by division (B) of the statute, which states that "at any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action, the court may award reasonable attorneys fees to any party to that action adversely affected by frivolous conduct." Because "entry of judgment" necessarily occurs per Civ.R. 58(A), after and upon a Civ.R. 54(A) "judgment" of a trial court, fees incurred in an appeal from the judgment are not included. Id.
The facts in this case differ somewhat from Sowald. Here, the party requesting an award of fees incurred in prosecuting an appeal made the request in the trial court, not at the appellate level. Nevertheless, a similar outcome is dictated by the scope of the holding in Sowald, and is supported by three other considerations.
First, as Defendants-Appellants point out in their brief, "the question of whether or not a civil action is frivolous is an entirely separate question from whether or not an appeal is frivolous." Id., at p. 12. The appeal may be meritorious, and in this case we found that it was. The fact that it was prosecuted by the party who was adversely affected by the frivolous conduct in the underlying trial proceeding does not render the appeal or its defense likewise frivolous.
Second, amendments to R.C. 2323.51 that became effective on January 12, 1997 through the enactment of H.B. 350 the previous year now extend its coverage to attorney fees incurred in appeals by inmates in civil actions. Division (A)(1)(b). No other form of appeal is included. This suggests that the General Assembly did not intend to include any form of appeal in the statute's prior version.
Third, App.R. 23 permits an award of attorney fees and expenses by an appellate court if an appeal is found to be frivolous. This independent basis for that relief protects a party who is adversely affected at the appellate level.
McGovern is entitled to an award of reasonable attorneys fees he incurred in defending against the action the Muellers filed in the trial court. The award may also include those reasonable attorneys fees McGovern incurred in prosecuting his R.C. 2323.51
motion in the trial court. Ron Scheiderer Associates v. London
(1998), 81 Ohio St.3d 94. McGovern is not entitled, however, to an award of attorneys fees he incurred in prosecuting an appeal from the trial court's order denying his R.C. 2323.51 motion, even though McGovern sought and won reversal of the trial court's order in that appellate proceeding. Sowald, supra.
The first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE FINDINGS OF FACT ARE NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE TO SUPPORT SANCTIONS AND ATTORNEYS FEES UNDER FORMER R.C. 2323.51.
In awarding McGovern attorneys fees pursuant to R.C. 2323.51, the trial court computed the amount of the award upon an hourly rate of one hundred fifty dollars, which the court found was the reasonable value of the legal services that were performed by McGovern's attorney, Stephen Klein. The Muellers contend that the evidence demonstrates that Klein charged McGovern only eighty-five dollars per hour for the legal services he performed. Thus, the Muellers argue, the judgment of the trial court is against the manifest weight of the evidence. We agree.
With respect to computing the amount of attorneys fees to be awarded, R.C. 2323.51 provides:
 (B)(3) The amount of an award that is made pursuant to division (B)(1) of this section shall not exceed, and may be equal to or less than, whichever of the following is applicable:
 (a) If the party is being represented on a contingent fee basis, an amount that corresponds to reasonable fees that would have been charged for legal services necessitated by the frivolous conduct had the party been represented on an hourly fee basis or another basis other than a contingent fee basis;
 (b) In all situations other than that described in division (B)(3)(a) of this section, the attorney's fees that were both reasonably incurred by a party and necessitated by the frivolous conduct.
The written fee agreement between McGovern and Klein pertaining to Klein's representation of McGovern is what both term a "blended fee" contract. It provides that Klein would not charge McGovern a fee calculated on Klein's usual hourly rate of one hundred fifty dollars. Instead, Klein would charge McGovern a fee calculated on a discounted rate of only eighty-five dollars per hour. However, Klein would seek a fee award on McGovern's behalf calculated on the basis of Klein's higher, regular rate. Klein would presumably retain the entire amount if it was awarded, and any amount that McGovern had actually paid Klein would be refunded to McGovern.
Division (B)(3)(a) of R.C. 2323.51 allows an award to a party who "is being represented on a contingent fee basis" in an amount that corresponds to a reasonable hourly rate. A contingent contract is one in which the promisor's obligation is dependent on the happening of a particular event. A "contingent fee" arrangement is one between an attorney and client whereby the client's promise to compensate the attorney is contingent on recovery, and the amount the client promises to then pay the attorney is contingent on the amount recovered. Black's Law Dictionary, Fifth Ed. Contingent fee arrangements are generally permitted in civil cases. Code of Professional Responsibility, EC 2-19.
Under their "blended fee" agreement, McGovern promised to pay Klein a fee calculated at the rate of eighty-five dollars per hour, irrespective of any recovery from the Muellers. McGovern's promise, and his resulting liability to Klein, is thus not dependent on the happening of another event. Klein's success in recovering the fee that McGovern yet owes him from the Muellers would operate to satisfy McGovern's liability to Klein, but it does not render the liability contingent in nature. Neither does recovery of any amounts that McGovern has paid Klein render the liability contingent. Therefore, theirs was not a contingent fee agreement for purposes of R.C. 2323.51(B)(3)(a).
Pursuant to division (b) of R.C. 2323.51(B)(3), McGovern is entitled to an award in an amount of the attorneys fees liability that he incurred, that is, those fees which he is obligated to pay Klein or has paid him. Because McGovern is liable to Klein only for an amount of fees calculated at the rate of eighty five dollars per hour, and because the trial court found that a fee calculated at the higher rate is reasonable, the lesser hourly rate of eighty-five dollars is the correct measure from which the fee the trial court must calculate the fee it awards.
The Muellers also argue that the trial court erred when it allowed interest at the rate of ten per cent on the judgment for attorneys fees that it entered for McGovern. Our order reversing the judgment necessarily reverses the interest requirement as well. However, in anticipation that this issue will arise again, we will address it.
R.C. 1303.03(A) grants judgment creditors interest at the rate of ten per cent per annum on money judgments arising "out of tortious conduct or a contract or other transaction." The term "transaction" contemplates dealings between parties. It does not exclude the dealings comprising a civil action, even though that form of transaction is unilateral rather than bilateral in nature. Therefore, a money judgment for attorneys fees entered pursuant to R.C. 2323.51 for a civil action that is frivolously brought is a judgment to which interest applies, pursuant to R.C. 1303.(A).
The trial court allowed interest at the statutory rate on the money judgment it awarded McGovern against the Muellers. The court further provided that the interest runs "from the date of the Court of Appeals decision, March 7, 1997." In that decision, we found that McGovern's action was frivolous, and on that basis we reversed the trial court's judgment and remanded for further proceedings "to determine an appropriate amount of sanctions."Mueller v. Vandalia, supra, at p. 10. Our decision was not a money judgment contemplated by R.C. 1303.03. Therefore, it is not a judicial order on which or from which interest may be awarded and calculated. Any interest that the trial court orders must be from the money judgment that it enters, which in this instance is the judgment it enters on remand from this appeal.
The Muellers also argue that the trial court erred when it assessed them the costs of the proceeding. Civ.R. 54(D) states that "costs shall be allowed to the prevailing party unless the court otherwise directs." A prevailing party is one in whose favor a decision is rendered and a judgment entered. Hagemeyer v.Sadowski (1993), 86 Ohio App.3d 563. McGovern prevailed on his claim for fees. We find no error or abuse of discretion.
The second assignment of error is sustained. The judgment of the trial court will be reversed and the case remanded for further proceedings consistent with this opinion.
FAIN, J. and YOUNG, J., concur.