[Cite as *Lasater v. Vidahl*, 2012-Ohio-4918.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

JANET LASATER                    C.A. No.        26242

    Appellant

    v.                           APPEAL FROM JUDGMENT
                                 ENTERED IN THE
LENA VIDAHL                      COURT OF COMMON PLEAS
                                 COUNTY OF SUMMIT, OHIO
    Appellee                     CASE No.     CV 2008 10 7047

DECISION AND JOURNAL ENTRY

Dated: October 24, 2012

DICKINSON, Judge.

INTRODUCTION

**{¶1}** Janet Lasater sued her sister Lena Vidahl, alleging that Ms. Vidahl had placed her in a false light by twice reporting her to the police and making accusations against her in a letter that Ms. Vidahl had written to a magistrate. Ms. Vidahl moved to dismiss the complaint, arguing that her communications were privileged. The trial court granted the motion, concluding that the letter to the magistrate was protected by absolute privilege and that, even if her statements to police were not privileged, Ms. Lasater had failed to plead facts that were sufficient to constitute publicity. Ms. Lasater has appealed, assigning as error that the court incorrectly granted Ms. Vidahl's motion to dismiss. We affirm because Ms. Vidahl's statements to police regarding Ms. Lasater's possible involvement in a criminal offense and her letter to the magistrate were protected by absolute privilege.

BACKGROUND

{¶2} According to Ms. Lasater's complaint, Ms. Vidahl sought a civil protection order against Ms. Lasater. By agreement of the parties, the domestic relations court issued a civil protection order, prohibiting Ms. Lasater from coming within 500 feet of Ms. Vidahl. A month later, Ms. Vidahl filed an incident report with the Akron Police Department, alleging that Ms. Lasater had violated the protection order. As a result of that report, the police arrested Ms. Lasater, and she spent seven hours in custody before being released. A municipal court judge later dismissed the charges.

{¶3} Ms. Vidahl later filed another incident report with police alleging that Ms. Lasater had violated the protection order. The police arrested Ms. Lasater, but a municipal court judge dismissed the charges on the recommendation of the prosecutor. According to a transcript of the court proceedings that Ms. Lasater attached to her complaint, it appears that the reason that Ms. Lasater violated the protection order is because Ms. Lasater's father and brother live within 500 feet of Ms. Vidahl's residence. Accordingly, whenever Ms. Lasater visited her father or brother at their homes, she violated the order.

{¶4} Still later, Ms. Vidahl moved the domestic relations court to hold Ms. Lasater in contempt for violating the protection order. In response, the domestic relations court amended the order to specifically allow Ms. Lasater to visit her brother's and father's homes.

{¶5} Ms. Lasater then brought this action against Ms. Vidahl for placing her in a false light. Ms. Vidahl moved to dismiss the complaint, alleging that her communications to the police and the magistrate were privileged. The trial court determined that the letter to the magistrate was part of a judicial proceeding and, therefore, entitled to absolute privilege.

Although it rejected her privilege argument regarding her statements to police, it determined that her complaint failed to sufficiently allege the publicity element of a false light claim.

ABSOLUTE PRIVILEGE

{¶6} Ms. Lasater's assignment of error is that the trial court incorrectly denied her motion to dismiss. She has argued that the court incorrectly determined that her Complaint did not sufficiently plead publicity. *See Welling v. Weinfeld*, 113 Ohio St. 3d 464, 2007-Ohio-2451, syllabus ("One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of privacy . . . .").

{¶7} We do not need to address whether Ms. Lasater pleaded sufficient facts because Ms. Vidahl's statements to the magistrate and police officers cannot provide the basis for liability. In *M.J. DiCorpo Inc. v. Sweeney*, 69 Ohio St. 3d 497 (1994), the Ohio Supreme Court held that "[a]n affidavit, statement or other information provided to a prosecuting attorney, reporting the actual or possible commission of a crime, is part of a judicial proceeding. The informant is entitled to an absolute privilege against civil liability for statements made which bear some reasonable relation to the activity reported." *Id.* at syllabus. The Court explained that sometimes "there is a great enough public interest in encouraging uninhibited freedom of expression to require the sacrifice of the right of the individual to protect his reputation by civil suit[.]" *Id.* at 505 (quoting *Bigelow v. Brumley*, 138 Ohio St. 574, 579 (1941)). Concluding that an absolute privilege protects statements that report a possible crime to a prosecutor, the Court reasoned that, "[a]s a matter of public policy, extension of an absolute privilege under such circumstances will encourage the reporting of criminal activity by removing any threat of reprisal in the form of civil liability. This, in turn, will aid in the proper investigation of criminal activity and the prosecution of those responsible for the crime." *Id.*

{¶8}    Since *Sweeney*, three other district courts of appeals have considered whether an absolute privilege applies to statements made to a sheriff or police officer.  They have reached different conclusions.  In *Brown v. Chesser*, 4th Dist. No. 97 CA 510, 1998 WL 28264 (Jan 28, 1998), the Fourth District Court of Appeals concluded that Shirley Chesser's statements to police were entitled to absolute immunity.  *Id*. at *4.  The court reasoned that, "[b]ecause [Ms. Chesser's] complaint to the police officers about [Kenneth Brown's] criminal activity set in motion the investigation and prosecution of [Mr. Brown], . . . [Ms. Chesser's] conduct in making the complaint is entitled to absolute immunity.  Citizens must be encouraged to report criminal activity without fear of reprisals in the form of civil liability." *Id*.  On the other hand, in *Olsen v. Wynn*, 11th Dist. No. 95-A-0078, 1997 WL 286181 (May 23, 1997), the Eleventh District Court of Appeals rejected Kathryn Olsen's argument that the criminal allegations she and her husband reported to a sheriff were privileged.  The court distinguished *Sweeney* because "the Olsens made their statements to the county sheriff and several of his detectives, not the county prosecutor." *Id*. at *5.  The Eighth District Court of Appeals drew a similar distinction in *Scott v. Patterson*, 8th Dist. No. 81872, 2003-Ohio-3353, ¶ 11 ("[D]raw[ing] a line between giving a statement to the police at the scene of a crime and giving a sworn affidavit to a prosecutor.").

{¶9}    We agree with the Fourth District that an absolute privilege should apply to those who report criminal activity to police officers.  Granting an absolute privilege to such statements promotes the public policies recognized by the Ohio Supreme Court in *Sweeney* of "encourag[ing] the reporting of criminal activity," "aid[ing] . . . the proper investigation of criminal activity," and "prosecut[ing] . . . those responsible for the crime." *M.J. DiCorpo Inc. v. Sweeney*, 69 Ohio St. 3d 497, 505 (1994).  In *Sweeney*, the Ohio Supreme Court noted that it had previously held that an absolute privilege applied to grievances filed with a local bar association.

*Id*. at 506 (citing *Hecht v. Levin*, 66 Ohio St. 3d 458, paragraph two of the syllabus (1993)). The Court reasoned that, "if the filing of a grievance with a local bar association is part of a 'judicial proceeding,' the same must also be true of an affidavit filed with a county prosecutor. The filing of a grievance with the local bar association sets the process in motion for the investigation of the grievance and the possible initiation of a formal complaint. Similarly, the filing of an affidavit, information or other statement with a prosecuting attorney may potentially set the process in motion for the investigation of a crime and the possible prosecution of those suspected of criminal activity. In our judgment, it would be anomalous to recognize an absolute privilege against civil liability for statements made in a complaint filed with a local bar association, while denying the protections of that privilege to one who files an affidavit with the prosecutor's office reporting that a crime has been committed. Granting an absolute privilege under the circumstances of this case is merely a logical extension of this court's holding in *Hecht*[.]" *Id*.

{¶10} In our experience, as much or more criminal activity is first reported to a police or sheriff's department as to a prosecutor's office. Adopting the Ohio Supreme Court's own language, it "would be anomalous to recognize an absolute privilege against civil liability for statements made in a complaint filed with a [prosecutor's office], while denying the protections of that privilege to one who files [a complaint] with the [police,] reporting that a crime has been committed." *M.J. DiCorpo Inc. v. Sweeney*, 69 Ohio St. 3d 497, 506 (1994). Ms. Lasater has not identified any public policy that would be served by drawing a distinction between complaints made to police and complaints made to the prosecutor's office, and the Eighth and Eleventh District Courts of Appeals did not identify any such policy reasons in *Olsen* or *Scott*.

{¶11} Under *Sweeney*, statements are only absolutely privileged if they "bear some reasonable relation to the activity reported." *M.J. DiCorpo Inc. v. Sweeney*, 69 Ohio St. 3d 497,

syllabus (1994). In her complaint, Ms. Lasater alleged that Ms. Vidahl is liable because she "alleged [to police that Ms. Lasater] had violated the Civil Protective Order[.]" The police officers who recorded Ms. Vidahl's allegations indicated in their incident reports that the alleged offenses were "Violat[ion of a] Protection Order or Consent Agreement." Even viewing the evidence in a light most favorable to Ms. Lasater, we conclude that those allegations "bear some reasonable relation to the activity reported." *Id*. The trial court also correctly concluded that Ms. Vidahl's statements in her letter to the magistrate are entitled to immunity because they were part of a judicial proceeding. *Id*. at 506.

{¶12} We conclude that, although Ms. Vidahl reported Ms. Lasater's alleged violations of the protection order to a police officer instead of a prosecutor, absolute privilege still applies to her statements. The trial court, therefore, correctly granted Ms. Vidahl's motion to dismiss. Ms. Lasater's assignment of error is overruled.

CONCLUSION

{¶13} Ms. Vidahl's allegations of criminal activity to police officers and her letter to a magistrate are entitled to absolute privilege from civil liability for false light invasion of privacy. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

TIMOTHY J. TRUBY and DAVID S. NICHOL, Attorneys at Law, for Appellant.

MICHAEL A. CREVELING, Attorney at Law, for Appellee.