[Cite as *Lasater v. Vidahl*, 2013-Ohio-5558.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| JANET LASATER | | C.A. No.     26764 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| LENA VIDAHL | | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     CV 2008 10 7047 |

DECISION AND JOURNAL ENTRY

Dated: December 18, 2013

MOORE, Presiding Judge.

{¶1}    Defendant, Lena Vidahl, appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    Ms. Vidahl and Janet Lasater are sisters.  In October 2006, Ms. Vidahl had a Consent Agreement and Domestic Violence Civil Protection Order issued against Ms. Lasater. In November 2006, Ms. Vidahl filed an incident report alleging Ms. Lasater had violated the terms of the CPO.  As a result, Ms. Lasater was arrested.  In 2007, Ms. Vidahl filed another incident report against Ms. Lasater for violating the CPO, which resulted in Ms. Lasater's second arrest.  The charges against her were subsequently dismissed.

{¶3}    In 2008, Ms. Lasater sued Ms. Vidahl claiming that Ms. Vidahl had placed Ms. Lasater in a false light by making incriminating statements about her to police officers and a magistrate.  Ms. Vidahl filed a motion to dismiss the complaint, and the trial court granted Ms.

Vidahl's motion, finding that Ms. Lasater's statement to the magistrate was privileged. Further, the trial court concluded that even were Ms. Lasater's statements to the police officers not privileged, she had not sufficiently pleaded publicity, an element of a claim for false-light invasion of privacy. Ms. Lasater appealed the trial court's judgment dismissing her complaint. In *Lasater v. Vidahl*, ("*Lasater I*"), 9th Dist. Summit No. 26242, 2012-Ohio-4918, we affirmed the trial court's judgment, concluding that Ms. Vidahl's statements to the police officers and her letter to the magistrate were protected by absolute privilege. *Id.* at ¶ 13.

{¶4} After we released our decision in *Lasater I*, Ms. Vidahl filed a motion in the trial court seeking attorney fees and related expenses pursuant to R.C. 2323.51. In December of 2012, the trial court denied Ms. Vidahl's motion. Ms. Vidahl timely appealed from the trial court's decision denying her motion, and she now presents one assignment of error for our review.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION BY NOT AWARDING ATTORNEY FEES FOR [MS. LASATER]'S FRIVOLOUS APPEAL WHERE THE LAW IS WELL SETTLED AND NO REASONABLE GROUNDS ARE GIVEN TO CHANGE THE LAW.

{¶5} In her sole assignment of error, Ms. Vidahl argues that the trial court erred in denying her motion for attorney fees. We disagree.

{¶6} A trial court's decision to grant or deny a request for attorney fees under R.C. 2323.51 will not be disturbed absent an abuse of discretion. *Fuline v. Green,* 9th Dist. Summit No. 25704, 25936, 2012-Ohio-2749, ¶ 15. An abuse of discretion "implies that the trial court's attitude [was] unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio

St.3d 217, 219 (1983). When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Id.*

{¶7}   R.C. 2323.51(B)(1), provides:

* * * [A]t any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal. The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct, as provided in division (B)(4) of this section.

{¶8}   R.C. 2323.51(A)(2)(a) defines "frivolous conduct," in relevant part, as:

Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:

* * *

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

* * *

{¶9}   This Court has previously held that the following two-step analysis applies to claims made pursuant to R.C. 2323.51: "(1) whether an action taken by the party to be sanctioned constitutes 'frivolous conduct,' and (2) what amount, if any, of reasonable attorney fees necessitated by the frivolous conduct is to be awarded to the aggrieved party." *Ceol v. Zion Indus., Inc.*, 81 Ohio App.3d 286, 291 (9th Dist.1992).

{¶10}  Here, in her complaint, Ms. Lasater alleged that Ms. Vidahl made incriminating statements regarding Ms. Lasater to a magistrate and police officers. After Ms. Vidahl prevailed below and the court dismissed the action, she filed a motion for attorney fees against Ms. Lasater. In the motion Ms. Vidahl maintained, in part, that Ms. Lasater's claim for false light invasion of privacy based on these statements was not warranted under existing law, rendering

both Ms. Lasater's complaint and her appeal in *Lasater I* frivolous. Although, in her motion, Ms. Vidahl argued that both Ms. Lasater's complaint and her appeal in *Lasater I* were frivolous, on appeal, Ms. Vidahl only argues that Ms. Lasater's appeal in *Lasater I* was frivolous. *See State v. Brown*, 9th Dist. Summit No. 23637, 2008-Ohio-2670, ¶ 24 (an appellant's "assignment of error provides a roadmap for our review and, as such, directs our analysis of the trial court's judgment"). Accordingly, we will limit our review to the trial court's determination that Ms. Lasater's appeal in *Lasater I* did not amount to frivolous conduct under R.C. 2323.51.

{¶11} First, we note that, in her appellee's brief, Ms. Lasater has maintained that Ms. Vidahl has not followed the appropriate procedural mechanism to obtain a determination that Ms. Lasater's appeal was frivolous. Ms. Lasater claims that, pursuant to the Ohio Supreme Court's holding in *State ex rel. Ohio Dept. of Health v. Sowald*, 65 Ohio St.3d 338, 343 (1992), a trial court may not deem an appeal frivolous pursuant to R.C. 2323.51; rather such a determination is properly made only by an appellate court pursuant to App.R. 23.

{¶12} In *Sowald*, the respondent in a mandamus action requested attorney fees pursuant to R.C. 2323.51 for the purportedly frivolous conduct of the petitioner in appealing the decision of an appellate court to the Ohio Supreme Court. The Supreme Court denied the request, holding that "R.C. 2323.51 does not contemplate awarding attorney fees for defending appeals of civil actions." *Sowald* at 343.

{¶13} The Sixth and the Second Districts have interpreted *Sowald* as holding that a trial court may not award fees and expenses under R.C. 2323.51 for purported frivolous conduct arising from any civil appeal, except for certain appeals by inmates specifically referenced in the statute. *See Mueller v. Vandalia*, 2d Dist. Montgomery No. 17285, 1999 WL 197971, *3 (Mar. 31, 1999), and *Early v. Toledo Blade Co.*, 6th Dist. Lucas No. L-11-1002, 2013-Ohio-404, ¶ 10-

16. However, the Tenth District has disagreed with this interpretation of the *Sowald* holding, and it has determined that a trial court may award fees and expenses for frivolous conduct in appealing the trial court's judgment. *See Jackson v. Bellomy*, 10th Dist. Franklin No. 01AP-1397, 2002-Ohio-6495, ¶ 57-58, and *Soler v. Evans, St. Clair & Kelsey*, 10th Dist. Franklin No. 04AP-314, 2006-Ohio-5402, ¶ 25-26 (interpreting *Sowald* as holding that a trial court may not award fees and expenses for frivolous conduct arising from an appeal *from an appellate court's decision*).

{¶14} This issue is one of first impression in the Ninth District, however, we conclude that it is unnecessary to resolve it as, assuming without deciding that the trial court properly could consider whether an appeal from its decision constituted frivolous conduct under R.C. 2323.51, we cannot say that the trial court erred in denying Ms. Vidahl's motion. The essence of Ms. Vidahl's argument in her motion and on appeal is that the law was clear that her statements to the magistrate and the police officers were protected by absolute privilege. In its order denying Ms. Lasater's motion for attorney fees, the trial court referenced this Court's analysis in *Lasater I*, wherein we recognized a split in the Ohio appellate districts as to whether absolute privilege applies to statements made to law enforcement officers. *Lasater I* at ¶ 8 (The Fourth District has deemed statements made to police to have absolute immunity, while the Eighth and Eleventh Districts have declined to extend absolute immunity to such statements.). The trial court then cited the First District case of *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308 (1st Dist.), for the proposition that, "[w]hen a split in the districts exists, a court cannot say the claim was unwarranted under existing law." Based upon the split in the districts as to the scope of absolute immunity, and the fact that this Court had not definitively addressed the issue, the trial court concluded that it could not say that Ms. Lasater's appeal was not warranted by existing

law. Accordingly, it denied Ms. Vidahl's motion for attorney fees under R.C. 2323.51. We cannot say that the trial court's decision in this respect was unreasonable, arbitrary, or unconscionable.

{¶15} Based upon the foregoing, the trial court did not abuse its discretion in concluding that Ms. Vidahl was not entitled to attorney fees and related expenses pursuant to R.C. 2323.51. Accordingly, her assignment of error is overruled.

III.

{¶16} Ms. Vidahl's sole assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---
CARLA MOORE
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, J.
CONCURRING.

{¶17} I concur in the majority's conclusion that Ms. Vidahl was not entitled to attorney fees, but I do not agree with the majority's conclusion that we need not determine whether the trial court has authority pursuant to R.C. 2323.51 to award attorney fees for a frivolous appeal. The resolution of that preliminary issue is necessary to a proper disposition of the appeal. Moreover, it resolves the substantive issue of the appeal, as well.

{¶18} I agree with Ms. Lasater's reliance on *State ex rel. Ohio Dept. of Health v. Sowald*, 65 Ohio St.3d 338 (1992), as I believe that the Ohio Supreme Court has resolved the issue. The *Sowald* court interpreted R.C. 2323.51 to apply to *trial court* judgments, not appellate court judgments. *Id.* at 343. (holding that "R.C. 2323.51 does not contemplate awarding attorney fees for defending appeals of civil actions.") Therefore, the high court denied the application for attorney fees for defending the appeal to the high court. Although the *Sowald* court noted that the applicant did not challenge the Tenth District's denial of attorney fees for answering the mandamus action filed against it in the first instance in that court, the high court noted that mandamus actions are civil actions from which an appeal would lie, thereby identifying them as trial court judgments to which R.C. 2323.51 would apply.

{¶19} On the other hand, App.R. 23 provides a clear and unambiguous avenue by which an appellee may seek relief from the expense of responding to a frivolous appeal. The rule provides: "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs."

{¶20} The majority notes that the Tenth District has interpreted *Sowald* to allow a trial court to award attorney fees for frivolous conduct in appealing the trial court's judgment. *See Jackson v. Bellomy*, 10th Dist. Franklin No. 01AP-1397, 2002-Ohio-6495, ¶ 57-58. I would characterize the *Bellomy* decision as an anomaly that misinterpreted the high court's holding in *Sowald*. Although legal scholars acknowledge that R.C. 2323.51 has been interpreted in different ways, they too have written that "[t]he better practice would be to file the motion [for appellate attorney fees] in the court of appeals and to rely on App.R. 23 and/or R.C. 2505.35, rather than R.C. 2323.51(B)(1)." Painter and Pollis, OH. App. Prac., Section 7:28.

{¶21} In conclusion, I would conclude that the trial court did not err by denying Ms. Vidahl's request for attorney fees pursuant to R.C. 2323.51, but for the reason that that was not the appropriate mechanism by which to seek appellate fees. Because the appropriate mechanism for the relief she sought was via App.R. 23, I agree that the trial court's judgment must be affirmed.

APPEARANCES:

TIMOTHY J. TRUBY, Attorney at Law, for Appellant.

KENNETH L. TUROWSKI, Attorney at Law, for Appellee.