SOLER et al., Appellants,

v.

EVANS, ST. CLAIR & KELSEY et al., Appellees.

[Cite as *Soler v. Evans, St. Clair & Kelsey,* 152 Ohio App.3d 781, 2003-Ohio-2582.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–802.

Decided May 20, 2003.

Black, McCuskey, Souers & Arbaugh and Thomas W. Connors; James P. Connors, for appellant Susan A. Soler.

Vorys, Sater, Seymour & Pease, L.L.P., and Bruce L. Ingram, for appellant James P. Connors.

Fry, Waller & McCann Co., L.P.A., and Barry A. Waller, for appellee Robert B. St. Clair.

BROWN, Judge.

{¶ 1} Susan A. Soler, appellant, appeals from the judgment of the Franklin County Court of Common Pleas, in which the court granted Robert B. St. Clair, appellee, sanctions against Soler and her trial counsel, James P. Connors, appellant (sometimes referred to collectively as "appellants").

{¶ 2} This case has an extensive and voluminous history, most of which is not essential to this appeal. The allegations that spawned the present litigation arose out of attorneys St. Clair and J. Michael Evans's legal representation of Soler in probate court. On November 30, 1995, Soler, through her counsel Connors, filed a complaint alleging legal malpractice, breach of contract, negligence, and conversion of funds against the law firm of Evans, St. Clair & Kelsey ("law firm"), St. Clair, and numerous other individuals alleged to be partners at the firm. St. Clair filed a counterclaim for legal fees. Soler then filed an amended complaint alleging the same causes of action against the same defendants and adding several other defendants alleged to be partners at the firm. After extensive

litigation, on October 21, 1998, Soler voluntarily dismissed her claims against all parties pursuant to Civ.R. 41(A)(1).

{¶ 3} On December 7, 1998, St. Clair's counterclaim for legal fees against Soler proceeded to trial. On January 12, 1999, St. Clair was granted a judgment in the amount of $47,823.72 with ten percent interest. On February 2, 1999, St. Clair filed motions for sanctions, which is the subject of the current appeal. Several other former defendants also filed motions for sanctions, which are not the subject of the current appeal. On August 9, 1999, the trial court awarded various sanctions to the former defendants and jointly and severally against Soler and Connors, totaling $283,294.20. With regard to St. Clair specifically, the trial court found that 50 percent of St. Clair's total attorney fees was attributable to the conduct of Connors and Soler, for a total award of $54,654.81. The judgment awarding sanctions was appealed to this court and reversed and remanded in *Soler v. Evans, St. Clair & Kelsey* (Sept. 26, 2000), Franklin App. No. 99AP–1020, 2000 WL 1376429 (*"Soler I "*). The Ohio Supreme Court accepted review of several issues unrelated to the award of sanctions and issued a decision in *Soler v. Evans, St. Clair & Kelsey* (2002), 94 Ohio St.3d 432, 763 N.E.2d 1169. Upon remand to the trial court, on June 25, 2002, the court entered judgment against Soler and Connors and awarded St. Clair 30 percent of his total attorney fees, for a total award of $32,792.89. Appellants appeal from the trial court's judgment, asserting the following assignment of error:

{¶ 4} "The trial court erred by failing to apply *Wiltberger v. Davis,* 110 Ohio App.3d 46 [673 N.E.2d 628] (Franklin Co.1996), in awarding attorney's fees for frivolous conduct to appellee St. Clair."

{¶ 5} Appellants argue in their assignment of error the trial court erred by awarding attorney fees as sanctions pursuant to R.C. 2323.51. A court may award reasonable attorney fees to any party in a civil action who is adversely affected by another party's frivolous conduct. R.C. 2323.51(B)(1). Frivolous conduct is the conduct of a party that satisfies either of the following: (1) it obviously serves merely to harass or maliciously injure another party to the civil action; or (2) it is not warranted under existing law and cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law. R.C. 2323.51(A)(2)(a). An award granted under R.C. 2323.51 does not require a finding that an appellant acted willfully. *Ceol v. Zion Industries, Inc.* (1992), 81 Ohio App.3d 286, 291, 610 N.E.2d 1076. Appellate review of a trial court's award of attorney fees for frivolous conduct pursuant to R.C. 2323.51 is under the abuse-of-discretion standard, but the trial court's factual findings supporting a conclusion that frivolous conduct occurred will not be overturned if they are supported by competent, credible evidence. *Wiltberger v. Davis* (1996), 110 Ohio App.3d 46, 51–52, 673 N.E.2d 628.

{¶ 6} Appellants present several arguments as to why the trial court erred in determining the amount of sanctions to award St. Clair. Appellants first argue that the trial court erred in awarding 30 percent of St. Clair's attorney fees, contending that the trial court misread our decision in *Soler I* to mean that it was required to award 30 percent of St. Clair's fees upon remand. In response, St. Clair asserts that the trial court was required to award 30 percent in accordance with our mandate in *Soler I*, in which we stated:

{¶ 7} "The trial court found that Soler and Connors did not act frivolously in instituting litigation against St. Clair, but that they acted frivolously in the manner in which the litigation was conducted. Thus, the trial court found that St. Clair incurred legal fees and expenses in twice the amount he would have reasonably incurred if this case had been properly commenced and prosecuted, and awarded St. Clair half of his fees and expenses. However, St. Clair's attorney testified at the sanctions hearing and indicated that a minimum of thirty percent of his fees were attributable to the conduct of Connors and Soler and only requested that the trial court award thirty percent of St. Clair's fees and costs. The trial court specifically found the entire testimony of Connors at the sanctions hearing as to the course of the litigation not credible. * * * Given that finding, there was evidence that all of the conduct which the court found to be frivolous occurred. Thus, there is evidence supporting a finding of frivolous conduct but no evidence for the trial court to rely upon in awarding more than the thirty percent of St. Clair's fees. Soler's third assignment of error and Connors' assignment of error is well-taken in part as to St. Clair."

{¶ 8} It is clear from *Soler I* that we conclusively determined that "there was evidence that all of the conduct which the court found to be frivolous occurred." We did not reverse any findings of fact or conclusions of law set forth by the trial court, and, thus, those findings and conclusions remain operative. The only error we found that the trial court made in *Soler I* was in awarding 50 percent of St. Clair's attorney fees, when St. Clair specifically requested only 30 percent. Our finding was based upon the testimony of Barry Waller, St. Clair's attorney, who testified several times at the sanctions hearing that "[b]ased on my experience over those 24½ years, it's my opinion that this case cost my client an additional 30 percent of what it should have had this case been conducted in a professional manner without all the disputes and all the problems."

{¶ 9} However, although we determined in *Soler I* that there was sufficient, competent evidence that all of the conduct the court found to be frivolous occurred, we did not determine that appellants' frivolous conduct necessarily caused 30 percent of St. Clair's attorney fees. Rather, a careful reading of our decision indicates that we found only that there was no evidence for the trial court to rely upon to award "more than" 30 percent of St. Clair's fees. Upon

remand, the trial court could have awarded any amount that it found was a direct result of appellants' frivolous conduct, as long as it did not exceed 30 percent of St. Clair's total attorney fees, the maximum requested by St. Clair and testified to by Waller. The trial court's oral pronouncement on remand suggests that it believed it was required by our decision in *Soler I* to award 30 percent. Thus, it appears as though the trial court may have misunderstood our decision in *Soler I*. Therefore, we are compelled once again to remand the matter for a redetermination of the proper amount of sanctions.

{¶ 10} Appellants present several other arguments in their assignment of error. Because the resolution of these arguments will aid the trial court on remand, we will address them. Appellants assert that the trial court erred in not specifically detailing what fees were attributable to the frivolous conduct and in relying only upon the imprecise opinion of Waller that their conduct caused St. Clair to incur 30 percent more in fees, citing our opinion in *Wiltberger*. In *Wiltberger*, we found:

{¶ 11} "Where a determination has been made that an entire lawsuit, a certain claim or claims, or a defense or defenses asserted in a civil action were frivolous, the party seeking R.C. 2323.51 attorney fees must affirmatively demonstrate that he or she incurred additional attorney fees as a direct, identifiable result of defending the frivolous conduct in particular." Id. at 54, 673 N.E.2d 628.

{¶ 12} We agree with appellants that Waller's general opinion testimony that the frivolous conduct of Soler and Connors cost St. Clair an additional 30 percent, without more, is insufficient. In *Crooks v. Consolidated Stores Corp.* (Feb. 4, 1999), Franklin App. No. 98AP–83, 1999 WL 52981, under slightly different circumstances, we found similar opinion testimony deficient to demonstrate the portion of the attorney fees attributable to the defense of the frivolous claims. In *Crooks*, during the sanctions hearing, the defendants' counsel explained why he believed $10,000 should be deducted from the $17,575 total attorney fees to arrive at the amount sought as sanctions, stating:

{¶ 13} "The basis of that opinion is my experience in employment litigation similar to this, would lead me to say that if I were just going to take the deposition of a plaintiff and were going to file a motion for summary judgment, which is the only activities which we have captured here, that I could not conceive of a situation where those activities would require fees in excess of $10,000."

{¶ 14} We found that this testimony did not provide an objective basis for ascertaining the proper award of fees and did not adequately identify what portion of the legal fees was specifically incurred in defending the frivolous claims. We concluded that, rather than pointing to specific billing numbers, the defendants' attorney improperly relied on his "professional judgment" in testify-

ing as to the amount of fees he believed were expended in defending against the frivolous claims. We instructed the trial court in *Crooks* that, on remand, it should base its fee award only on those hours that may reasonably be found to have been attributable to the defense of the frivolous claims. We also indicated that although we recognized the difficulty encountered by the trial court in that case because of the vagueness of the billing records submitted by the defendants, the burden was upon the defendants to provide evidence of the services rendered and of the reasonable value of such services. This court in *Crooks* explained that in the event the defendants failed on remand to more clearly show how amounts of time were allocated to specific work related to the frivolous conduct, the trial court should reduce the award to include only the portion of work attributable to the frivolous conduct that is specifically identified by the evidence, citing *Hensley v. Eckerhart* (1983), 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (party seeking an award of attorney fees should submit evidence supporting the hours worked and the rates claimed; where the documentation of hours is inadequate, the trial court may reduce the award accordingly). The instructions and guidance given in *Crooks* is equally applicable to the trial court in this case upon remand. Thus, consistent with *Wiltberger* and *Crooks*, upon remand, the trial court should endeavor to cite the specific attorney fee charges that were necessitated by the frivolous conduct of Soler and Connors in awarding attorney fees, not to exceed 30 percent of St. Clair's total fees.

{¶ 15} Appellants further argue the trial court was limited to awarding no more than $2,000 in attorney fees. Appellants contend that despite Waller's testimony that the actions of Soler and Connors caused the case to cost St. Clair an additional 30 percent, Waller also specifically testified that only $2,000 in attorney fees was directly attributable to appellants' "frivolous" conduct, pointing to the following excerpts from Waller's testimony at the sanctions hearing:

{¶ 16} "The fees directly attributable to the specific items set forth in my motion for sanctions, Mr. St. Clair's motions for sanctions, I did try to go through, attribute some dollar amount to those, and came to approximately $2,000 for those issues.

{¶ 17} "* * *

{¶ 18} "Q. You have not given any evidence during this hearing relating specific frivolous conduct to specific damages; have you?

{¶ 19} "A. That's not correct. I believe I told Judge Sheward that the legal fees specifically attributable to the matters set forth in my memorandum approximated $2,000.

{¶ 20} "* * *

{¶ 21} "A. * * * What I'm saying is all the specific instances of frivolous conduct illustrated in my motion add up to about $2,000."

{¶ 22} After reviewing the whole of Waller's testimony explaining the $2,000 figure, we are admittedly not fully certain what Waller was trying to communicate, and St. Clair does not offer an explanation in his appellate brief. However, we surmise that Waller was trying to express that although the individual, distinct instances of frivolous conduct outlined in St. Clair's motion directly correlated to only $2,000 in fees, when considering all of the other services that were required as a result of the combination of those single instances of frivolous conduct, St. Clair was forced to incur 30 percent more fees than what he would have without the frivolous conduct. Such a rationale makes sense. For example, although a defendant's attorney may charge $100 to draft an answer to a frivolous complaint, any fees incurred thereafter would also be "directly" attributable to the frivolous filing of the complaint. In such a case, it would be unreasonable to limit a defendant to sanctions for only the $100 in fees charged by the attorney to draft the answer to the frivolous complaint. See *Lantz v. Ross* (Nov. 18, 1997), Franklin App. No. 97APE03–372, 1997 WL 723224 (any attorney fees incurred after the point of frivolous conduct are appropriately awarded as sanctions). Likewise, in the present case, St. Clair would be entitled to fees for all resulting services that were subsequently necessitated by some earlier instance of frivolous conduct. Therefore, the trial court is not limited to awarding $2,000 upon remand, and appellants' argument is not well taken.

{¶ 23} In sum, although we commend the completeness of the trial court's decision in issuing findings of fact and conclusions of law that comprise 206 findings of fact and 22 conclusions of law within 48 pages, the trial court must go one step further to delineate the individual fees and services necessitated by the frivolous conduct. Accordingly, the trial court abused its discretion in relying solely upon the estimate of an additional 30 percent of fees provided by Waller without explaining which specific fees and services resulted from the frivolous conduct. These fees are not to exceed 30 percent as indicated in *Soler I.* Appellants' assignment of error is sustained in part and overruled in part.

{¶ 24} Accordingly, appellants' sole assignment of error is sustained in part and overruled in part, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to that court for further proceedings in accordance with law and consistent with this opinion.

Judgment affirmed in part,
reversed in part
and cause remanded.

TYACK and BOWMAN, JJ., concur.