OPINION
{¶ 1} The issues in this case arose from the allegations of legal malpractice by Robert St. Clair and J. Michael Evans in their legal representation of appellant, Susan A. Solér, in probate court. On November 30, 1995, Solér, through her counsel, appellant, James P. Connors, filed a complaint alleging breach of contract, legal malpractice, negligence and conversion against the law firm of Evans, St. Clair Kelsey, Robert St. Clair, J. Michael Evans, Charles E. Kelsey, Paul M. Aucoin and David T. Bainter. St. Clair filed a counterclaim for legal fees. Solér filed an amended complaint alleging the same causes of action against the same defendants and adding Michael A. Nieset, David A. Belinky, Randall E. Yontz, Robert C. Hetterscheidt, David S. Heier, Carol J. King and Jan L. Maiden as defendants. Connors believed these individuals were partners in the law firm based in part upon the letterhead which listed the law office of Evans, St. Clair Kelsey and each individual attorney.
 {¶ 2} Belinky and Yontz each filed a motion for summary judgment with affidavits denying the existence of a partnership and asserting that an office-sharing arrangement existed. The trial court granted these motions for summary judgment and Solér appealed. This court affirmed and the Supreme Court of Ohio dismissed the appeal to that court. See Solér v. Evans, St.Clair Kelsey (Aug. 19, 1997), Franklin App. No. 97APE04-485;Solér v. Evans, St. Clair Kelsey (1997), 80 Ohio St.3d 1477.
 {¶ 3} On October 21, 1998, Solér voluntarily dismissed her claims against all parties pursuant to Civ.R. 41(A)(1). On December 7, 1998, St. Clair's counterclaim for legal fees against Solér proceeded to trial. On January 12, 1999, St. Clair was granted a judgment in the amount of $47,823.72, with ten percent interest.
 {¶ 4} St. Clair, Evans, Bainter, Kelsey and King filed motions for sanctions. The trial court found Solér and Connors had engaged in frivolous conduct in the prosecution of her claims and in filing the action against attorneys who were not members of the law firm. The trial court found Solér and Connors jointly and severally liable in the following amounts: St. Clair $54,654.81; Evans $81,799.14; Bainter $53,752.53; Kelsey $66,376.94; and King $26,710.78, for a total of $283,294.20, plus ten percent interest.
 {¶ 5} Solér and Connors filed a joint notice of appeal. This court reversed and remanded in Solér v. Evans, St. Clair Kelsey (Sept. 26, 2000), Franklin App. No. 99AP-1020. We certified a conflict to the Supreme Court of Ohio regarding issues other than the award of sanctions. See Solér v. Evans,St. Clair Kelsey (2002), 94 Ohio St.3d 432.
 {¶ 6} Upon remand, the trial court conducted a jury trial on St. Clair's counterclaim for allegedly unpaid fees. The jury found in Solér's favor and the trial court entered a judgment that denied St. Clair any recovery on his counterclaim for his fees. Also, on remand, on June 25, 2002, the trial court granted St. Clair a separate final judgment for 30 percent of his total attorney fees, for a total award of $32,792.89 as sanctions against Solér and Connors. Solér and Connors appealed and again, this court affirmed in part, reversed in part, and remanded the cause, finding that the trial court erred in relying solely on counsel's estimate of fees when counsel did not explain the specific fees and services which resulted from the previously adjudicated frivolous conduct. See Solér v. Evans, St. Clair Kelsey 152 Ohio App.3d 781, 2003-Ohio-2582.
 {¶ 7} On June 24-25 and October 11, 2002, the trial court conducted evidentiary hearings on the partnership issues and the measure of sanctions for any other previously adjudicated frivolous pretrial conduct. On December 5, 2002, the trial court determined that, although the purported law firm of Evans, St. Clair Kelsey was an office-sharing arrangement, Solér and Connors had a good-faith basis to assert that Evans and Kelsey were St. Clair's partners in that purported law firm. Solér's ultimate failure to prove that Evans and Kelsey were actually partners or apparent partners did not justify frivolous conduct sanctions. The trial court also determined that Solér and Connors had no good-faith basis for a vicarious liability claim against King or Bainter. The trial court found that Evans and Kelsey failed to demonstrate with any specificity any attorney fees which Solér and Connors previously adjudicated frivolous conduct caused them to incur apart from any fees or expenses for their defense of Solér's claims that they were St. Clair's partners or apparent partners. The trial court awarded Evans and Kelsey each $10,000 as sanctions, and King and Bainter each $35,000. Solér and Connors filed a notice of appeal and Evans and King both filed notices of cross-appeal.
 {¶ 8} On February 12, 2004, this court determined that no transcript of the June 24-25 or the October 11, 2002 hearings were filed in this case nor had a narrative statement of the proceedings, pursuant to App.R. 9(C), or an agreed statement, as provided under App.R. 9(D), been provided to the court. SeeSolér v. Evans, St. Clair Kelsey, Franklin App. No. 03AP-377, 2004-Ohio-679. Thus, this court presumed regularity of the trial court proceedings. However, this court found an error on the face of the trial court opinion with regard to Evans and Kelsey demonstrating with specificity their reasonable attorney fees and expenses. The trial court determined that it could identify no more than $6,500 for sanctions for Evans and also noted that the total sanctions award could be significantly less, yet the trial court awarded Evans $10,000 in sanctions. The trial court indicated that it could identify no more than $7,306.25 as sanctions for Kelsey and the total could be less, but awarded Kelsey $10,000. Once again, the cause was remanded.
 {¶ 9} Solér and Connors filed a motion for reconsideration asserting that this court erred in finding that the transcripts had not been filed. The transcripts for the June 24 and 25, 2002 hearings were filed in case No. 02AP-1402, and were part of the record in this case but the trial court clerk had failed to transmit them as part of the record. However, the transcript for the October 11, 2002 hearing was not filed as part of the record in this case. In denying the motion for reconsideration, without a transcript of the hearing, this court again presumed regularity of the trial court proceedings. See Solér v. Evans, St. Clair Kelsey (Mar. 31, 2004), Franklin App. No. 03AP-377, (Memorandum Decision).
 {¶ 10} On February 24, 2004, the trial court issued findings of fact and conclusions of law and an opinion, pursuant to the remand. In the findings of fact, the trial court meticulously examined St. Clair's attorney's timesheets and determined that the following sanction amounts should be awarded: St. Clair: $32,792.86; Evans $10,000; Kelsey $10,000; King $35,000; Bainter $35,000.
 {¶ 11} Solér and Connors filed a notice of appeal to this court. On March 29, 2004, Solér and Connors filed a notice of appeal to the Supreme Court of Ohio, from our February 12, 2004 judgment (case No. 04-0542). Solér and Connors filed a second notice of appeal to the Supreme Court of Ohio after we denied a motion to correct omission to the record (case No. 04-839.) The Supreme Court of Ohio denied leave to appeal in both cases.
 {¶ 12} Solér and Connors filed a mandamus action in the Supreme Court of Ohio against this court and a motion for stay in this action. The Supreme Court of Ohio granted this court's motion for summary judgment and we lifted the stay on February 13, 2006.
 {¶ 13} Solér and Connors raised the following assignments of error:
1. The trial court erred by granting any attorney fees as sanctions for frivolous conduct to appellees Carol J. King, David T. Bainter, Charles E. Kelsey, and J. Michael Evans.
2. The trial court erred by granting any attorney fees as sanctions for frivolous conduct to appellee Robert B. St. Clair.
3. The trial court erred in awarding attorney fees as sanctions that were not reasonably attributable to the defense of frivolous conduct.
4. The trial court erred by conducting remand proceedings on issues which are currently subject to further appellate proceedings.
5. The trial court erred in awarding attorney fees for appellate proceedings as sanctions for frivolous conduct.
 {¶ 14} Appellee, Evans, filed a notice of cross-appeal seeking an opportunity to present his sanction's evidence to the trial court if this court remands the cause again.
 {¶ 15} The first two assignments of error are related and shall be addressed together. By the first assignment of error, Solér and Connors contend that the trial court erred in granting any attorney fees as sanctions for frivolous conduct to appellees King, Bainter, Kelsey, and Evans. By the second assignment of error, Solér and Connors contend that the trial court erred in awarding any attorney fees as sanctions for frivolous conduct to St. Clair. Appellate review of a trial court's award of attorney fees for frivolous conduct pursuant to R.C. 2323.51 is under the abuse-of-discretion standard, but the trial court's factual findings will not be disturbed if they are supported by competent, credible evidence. Wiltberger v. Davis (1996),110 Ohio App.3d 46, 51-52.
 {¶ 16} In its opinion, the trial court interpreted our February 12, 2004 opinion as requiring an explanation rather than another hearing so another hearing was not held on remand. The trial court had previously determined during the June 24-25 and October 11, 2002 hearings, that frivolous conduct caused Bainter's and King's entire defense because there was no good-faith basis to assert that Bainter and King were partners in the law firm, thus awarding each $35,000.
 {¶ 17} The trial court had previously determined during the June 24-25 and October 11, 2002 hearings, that appellants had a good-faith basis to assert claims against Evans and Kelsey as apparent partners of St. Clair. The trial court determined that fee bills submitted by Evans and Kelsey provided sufficient evidence to support some payment for services caused by the previously-identified sanctionable conduct and identified some compensation for those expenses to prosecute their sanction's claims. Thus, the trial court determined that the originally sanctionable conduct caused Kelsey to incur approximately $6,000 to $7,300 as legal fees and caused Evans to incur approximately $5,000 to $6,500 in legal fees without considering their fees to obtain the order and to defend it. In determining the reasonable fees for them to respond to substantially the same sanctionable conduct, and to obtain and defend the closely related sanction's order, the trial court exercised its discretion and limited the award to $10,000 each.
 {¶ 18} This court has previously determined that the trial court's findings that an award of attorney fees as sanctions for frivolous conduct is appropriate. The only determination before the trial court on remand has been an appropriate amount of attorney fees as sanctions, not whether it was appropriate to award sanctions.
 {¶ 19} In our 2000 decision, we found that there was evidence that all of the conduct which the court found to be frivolous in the prosecution of their claims occurred. As to St. Clair, the case was remanded to award no more than 30 percent of his fees. As to Evans, Bainter, Kelsey King, we found that sanctions based upon frivolous conduct during litigation were appropriate but remanded to determine whether they were partners and found any award of attorney fees based upon filing an action against them as partners was inappropriate at that time.
 {¶ 20} In our 2003 decision, only involving St. Clair, we found that in our 2000 decision, "there was evidence that all of the conduct which the court found to be frivolous occurred."Solér v. Evans, St. Clair Kelsey, 152 Ohio App.3d 781,2003-Ohio-2582, quoting Solér v. Evans, St. Clair Kelsey
(Sept. 26, 2000), Franklin App. No. 99AP-1020. We did not reverse any findings of fact or conclusions of law set forth by the trial court, and, thus, those findings and conclusions remain operative. We remanded the cause for the trial court to determine the appropriate amount of fees to St. Clair.
 {¶ 21} The issue before us in our 2004 decisions was the appropriateness of the trial court award of attorney fees as sanctions based on the June 24-25 and October 11, 2002 hearings; however, given the lack of a transcript of the October 11, 2002 hearing, we presumed regularity of the proceedings. Although we perceived an error from the face of the trial court opinion regarding the amount of attorney fees awarded to Evans and Kelsey and remanded the cause to the court regarding the amount of attorney fees awarded to Evans and Kelsey, Solér and Connors cannot revisit the issue of whether attorney fees should be awarded as sanctions. The trial court did not abuse its discretion in awarding attorney fees as sanctions. Solér and Connors' first and second assignments of error are not well-taken.
 {¶ 22} By the third assignment of error, Solér and Connors contend that the trial court erred in awarding attorney fees as sanctions that were not reasonably attributable to the defense of frivolous conduct. Given the lack of transcript, we presume regularity of the proceedings. In addition, the trial court meticulously attempted to determine the portion of the fee bills which related to specific sanctionable conduct and awarded only such fees. Solér and Connors' third assignment of error is not well-taken.
 {¶ 23} By the fourth assignment of error, Solér and Connors contend that the trial court erred by conducting remand proceedings on issues which are currently subject to further appellate proceedings. This assignment of error has no merit and is now moot. Our decision remanding the cause to the trial court was February 12, 2004, with our decision denying the motion for reconsideration on March 31, 2004. The trial court issued its opinion on February 24, 2004, 12 days later. Solér and Connors did not file their appeal to the Supreme Court of Ohio until March 29, 2004, which was after the trial court issued its opinion and entry. Thus, on remand, the trial court was not conducting proceedings on issues which were subject to further appellate proceedings at that time. Also, the Supreme Court of Ohio declined jurisdiction, thus, the issue is now moot. Solér and Connors' fourth assignment of error is not well-taken.
 {¶ 24} By the fifth assignment of error, Solér and Connors contend that the trial court erred in awarding attorney fees for appellate proceedings as sanctions for frivolous conduct. The trial court did not award St. Clair fees to defend the sanctions order. King and Bainter were both awarded fees for subsequent efforts to prosecute the motions for sanctions and to defend it, but the award was less than the full amount to defend and prosecute the claim for those sanctions. The trial court also awarded Evans and Kelsey some compensation for expenses to prosecute their sanctions claims.
 {¶ 25} Solér and Connors argue that pursuant to State exrel. Ohio Dept. of Health v. Sowald (1992), 65 Ohio St.3d 338,343, R.C. 2323.51, does not contemplate awarding attorney fees for defending appeals of civil actions. However, this court has already distinguished Sowald, finding that the Sowald court was referring to the appeal of an appellate court's judgment, not to an appeal of a trial court's original judgment. See Jacksonv. Bellamy, Franklin App. No. 01AP-1397, 2002-Ohio-6495.
 {¶ 26} Subsequent to Sowald, in the syllabus of RonScheiderer Assoc. v. London (1998), 81 Ohio St.3d 94, the Supreme Court of Ohio determined that R.C. 2323.51 permits an award of attorney fees for prosecuting a motion for sanctions for frivolous conduct. See, also, Crooks v. Consolidated StoresCorp. (Feb. 4, 1999), Franklin App. No. 98AP-83. After finding frivolous conduct, the decision whether to award attorney fees as sanctions lies within the trial court's discretion. SeeWilterberger, supra. In order to find that the trial court abused its discretion, we must find more than an error of law or judgment, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. Most instances of an abuse of discretion result in decisions that are unreasonable as opposed to arbitrary and capricious. AAAA Enterprises, Inc. v.River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157. A decision that is unreasonable is one that has no sound reasoning process to support it.
 {¶ 27} In this case, the trial court found frivolous conduct by Solér and Connors in the prosecution of Solér's claims and that there were no grounds to file suit against King and Bainter. Thus, the trial court did not abuse its discretion in awarding attorney fees for appellate proceedings as sanctions for frivolous conduct. Solér's and Connors' fifth assignment of error is not well-taken.
 {¶ 28} For the foregoing reasons, Solér and Connors' five assignments of error are overruled, Evans' assignment of error on cross-appeal is denied as moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown and Deshler, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.